# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **BTL INDUSTRIES, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 1:21-cv-3630** |
| **PINKY PROMISE BEAUTY** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT

Plaintiff BTL Industries, Inc. ("BTL"), by its attorneys, files this Complaint against Pinky Promise Beauty ("Pinky Promise") and alleges as follows:

### NATURE OF THIS ACTION

1.      This is a civil action by BTL against Pinky Promise for trademark infringement, unfair competition, false designation of origin, and false advertising under the Lanham Act (15 U.S.C. §§ 1114, 1125(a)); copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. § 101 *et seq.*); and trademark infringement, copyright infringement, and unfair competition under the Illinois Uniform Deceptive Trade Practices Act (815 Ill. Comp. Stat. § 510) (UDTPA), the Illinois Consumer Fraud and Deceptive Business Practices Act (815 Ill. Comp. Stat. § 505) (CFDBPA), and state common law.

2.      BTL pioneered the use of high-intensity electromagnetic energy for non-invasive aesthetic muscle toning. BTL's popular EMSCULPT aesthetic body-contouring device was cleared by the U.S. Food and Drug Administration (FDA) for non-invasive toning and strengthening of muscles in the abdomen, buttocks, legs, and arms, and launched in the United

States in June 2018. BTL has since protected its ground-breaking EMSCULPT device with numerous patents and federally registered trademarks.

3.      Pinky Promise is promoting body-contouring aesthetic procedures under BTL's federally registered EMSCULPT and EM trademarks, using images of a third-party device which has been altered to display the EMSCULPT trademark, and using unauthorized versions of BTL's copyrighted marketing materials. Upon information and belief, the device displayed by Pinky Promise is an unauthorized (meaning non-FDA cleared), knock-off device that may have been illegally imported into the United States.

4.      Through its false and misleading representations, Pinky Promise attempts to deceive unknowing consumers into believing that they are receiving procedures that are authorized by, affiliated with, or otherwise associated with BTL. As discussed in detail below, Pinky Promise's actions violate BTL's federal and common law trademark and copyright rights and constitute unfair competition and false advertising under federal, state, and common law.

5.      Pinky Promise's infringing and fraudulent conduct not only irreparably harm BTL and the goodwill associated with its brand, but could also pose potentially serious health and safety consequences to the public. Whereas BTL's EMSCULPT devices are FDA-cleared and strictly regulated, upon information and belief, Pinky Promise's device is not. The quality, safety, and integrity of Pinky Promise's device is unknown and, therefore, there is reason to believe that the treatments delivered by the device may potentially be harmful to many consumers who are mistakenly buying Pinky Promise's treatments under the false impression that they are either delivered by a legitimate EMSCULPT device, are administered by a BTL trained technician, or are somehow otherwise authorized by or affiliated with BTL.

6.      BTL is thus forced to file this action to combat Pinky Promise's unauthorized use of its federally registered trademarks, copyright, and proprietary materials, as well as to protect unknowing consumers from purchasing procedures delivered by an inferior and potentially unsafe, non-FDA-cleared, knock-off device.

7.      Pinky Promise's willful and continuing unfair competition and violations of BTL's trademarks and copyright should be enjoined permanently to curb the harm to BTL's reputation and the relevant segment of the public at large. BTL has been, and continues to be, irreparably damaged as a result of Pinky Promise's willful actions and seeks injunctive and monetary relief.

## PARTIES

8.      BTL is a privately held corporation organized and existing under the laws of Delaware with a principal place of business at 362 Elm Street, Marlborough, Massachusetts 01752.

9.      On information and belief, Pinky Promise is a treatment center located in Illinois, with its principal place of business at 2522 North Hamlin Avenue, Chicago, Illinois 60647.

## JURISDICTION AND VENUE

10.     This Court has subject-matter jurisdiction over BTL's claim arising under the Lanham Act, 15 U.S.C. § 1121, 15 U.S.C. § 1051, and the Copyright Act, 17 U.S.C. § 101, pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a)-(b).

11.     This Court has supplemental jurisdiction over BTL's claims arising under the laws of Illinois, pursuant to 28 U.S.C. § 1367(a) because the state-law claims are so related to BTL's federal law claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

12.     This Court has personal jurisdiction over Pinky Promise because Pinky Promise has committed acts of trademark infringement, copyright infringement, and false, misleading, and deceptive advertising under the Lanham Act, Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505 (CFDBPA), and Illinois' Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510 (UDTPA), and intends a future course of conduct that includes acts of infringement, and false, misleading, and deceptive advertising in this District. On information and belief, Pinky Promise operates a treatment center located in Chicago, Illinois, and Pinky Promise has offered for sale, sold, and advertised its services in the United States and this District, including but not limited to, treatments associated with a knock-off device advertised using BTL's federally registered trademarks and copyright.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 at least because Pinky Promise is subject to personal jurisdiction in this District, Pinky Promise is a resident of this District, and a substantial part of the events that gave rise to the claims occurred in this District.

## BTL'S TRADEMARKS AND COPYRIGHT

### BACKGROUND

14.     BTL is an innovator and world leader in non-invasive products and treatments for the aesthetics industry. Since its founding in 2008, BTL's business has specialized in the innovation, development, and implementation of equipment and treatments for non-invasive body contouring. *See, e.g.*, Exhibit 1. Over eight years ago, BTL began developing its proprietary and patent-protected HIFEM technology that uses electromagnetic stimulation to tone and strengthen muscles in targeted areas. BTL applied its proprietary technology to non-invasive aesthetic treatments and developed protocols for using the technology for aesthetic

therapies. BTL utilized its HIFEM technology to develop a series of new FDA-cleared devices that each treat specific needs, including the EMSCULPT device.

15.    BTL's EMSCULPT device and treatments use high-intensity electromagnetic energy to induce powerful muscle contractions not achievable through voluntary contractions. The EMSCULPT device is currently cleared by the FDA as a non-invasive treatment for abdominals, buttocks, arms, calves and thighs. *See* Exhibit 2.



16.    BTL markets and distributes its non-invasive aesthetic body-contouring EMSCULPT devices and treatments that incorporate its proprietary technology, muscle toning protocols, and applicators in the United States.

17.    The aesthetic industry has recognized BTL and its innovations, praising BTL as a "pioneer or trailblazer throughout the aesthetic enhancement world" and identifying BTL's EMSCULPT device as "unparalleled in the industry." *See* Exhibit 3. The EMSCULPT device has been renowned as a "breakthrough in non-invasive body shaping," with The Bend Magazine noting that EMSCULPT "is not a different version of an existing device. It's a totally new technology." *See* Exhibits 4, 5.

18.     Indeed, commentators have recognized the technology's significant departure from prior body-contouring procedures, comparing EMSCULPT to an iPhone or Botox, and describing the EMSCULPT device as a "revolutionary advance in non-surgical body contouring." *See* Exhibit 6.

19.     BTL's EMSCULPT device has also received numerous awards and accolades from well-respected media outlets and aesthetic industry organizations. For example, RealSelf identified BTL's EMSCULPT device as one of the 2019 and 2020 "Most Worth It Procedures." *See* Exhibits 7, 8. Harper's Bazaar named EMSCULPT the "Best Body Firming Treatment" in its 2020 Anti-Aging Awards. *See* Exhibit 9. BTL's EMSCULPT device earned American Health & Beauty 2018 Readers' Choice Award for "Most Innovative Device." *See* Exhibit 10. And NewBeauty named BTL's EMSCULPT device one of the "Best Innovations" in its NewBeauty 2019 Awards. *See* Exhibit 11.

20.     BTL's market success and superior performance are by-products of technological innovations. BTL continues to implement these innovations today, for example, by continuing to obtain additional FDA indications for use of its non-invasive aesthetic body-contouring devices.

**BTL'S TRADEMARKS**

21.     BTL uses and owns registered and unregistered trademarks and trade dress, including the following federally registered trademarks for its brand of aesthetic equipment and treatments:

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| 5,572,801 | EMSCULPT | Oct. 2, 2018 | Sept. 29, 2017 | Class 10: Medical apparatus and instruments for the treatment of cellulite; medical apparatus and instruments for body toning and |

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| | | | | body shaping; medical apparatus and instruments for the removal of fat, circumference reduction, tightening of skin, reduction of wrinkles, reduction of scars, reduction of stretch marks, rejuvenation of skin, and treatment of pigmentation spots; above medical apparatuses with exception for the treatment of the nasopharynxs including inhalers and nasal irrigators; massage apparatus; medical apparatus and instruments for aesthetic skin treatment procedures; medical apparatus generating electromagnetic, magnetic, electrical, mechanical or thermal energy for use in skin treatment procedures; medical apparatus particularly apparatus for pain management, elimination of muscle spasms; gynaecological and urological apparatus and instruments, namely, for genital rejuvenation, treatment sexual dysfunction, gynecological treatment and pelvic floor treatment |
| 5,915,636 | EM | Nov. 19, 2019 | Jan. 8, 2019 | Class 10: Physical therapy devices for treating muscle spasms and pain management; medical apparatus and instruments, in particular apparatus and instruments for the treatment of cellulite, apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat, circumference reduction; medical devices for use in treating gynecological disorders, pelvic area disorders, bladder disorders and incontinence.<br><br>Class 44: Health assessment services; medical services, namely, |

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| | | | | providing treatment for patients with gynecological disorders, pelvic area disorders, bladder disorders and incontinence; gynecological services; urology medical care services; rental of medical apparatus and equipment; cosmetic and plastic surgery; beauty salon services; liposuction and surgical body shaping services; medical services, namely, removal of body cellulite; physical therapy services. |
| 6,069,279 | EMSCULPT | Jun. 2, 2020 | Sept. 29, 2017 | Class 44: medical services; gynecology services; medical equipment rental; cosmetic and plastic surgery; beauty salons; liposuction services; removal of body cellulite |
| 6,206,098 | **EM** | Nov. 24, 2020 | Jul. 30, 2018 | Class 10: Physical therapy devices for treating muscle spasms and pain management; medical apparatus and instruments, in particular apparatus and instruments for the treatment of cellulite, apparatus and instruments for body toning and body shaping, and apparatus and instruments for the removal of fat, circumference reduction; medical devices for use in treating gynecological disorders, pelvic area disorders, bladder disorders and incontinence.<br><br>Class 44: Health assessment services; medical services, namely, providing treatment for patients with gynecological disorders, pelvic area disorders, bladder disorders and incontinence; gynecological services; urology medical care services; rental of medical apparatus and equipment; cosmetic and plastic surgery; beauty salon services; liposuction and |

| Reg. No. | Mark | Reg. Date | First Use in Commerce or Priority Date | Goods / Services |
|---|---|---|---|---|
| | | | | surgical body shaping services; medical services, namely, removal of body cellulite; physical therapy services. |

22.     BTL's EM and EMSCULPT trademarks have been used exclusively and continuously by BTL and have never been abandoned. The above U.S. registrations for BTL's EM and EMSCULPT trademarks are valid and subsisting in full force and effect. True and correct "status" copies of these registrations, obtained from the Trademark Status Document Retrieval ("TSDR") database of the United States Patent and Trademark Office, are attached hereto as Exhibit 12. The registrations for BTL's EM and EMSCULPT trademarks constitute *prima facie* evidence of their validity and of BTL's exclusive right to use the trademarks pursuant to 15 U.S.C. § 1057(b).

23.     BTL's EM and EMSCULPT trademarks perform an important source-identifying function for BTL's aesthetic body-contouring devices and associated treatment services, signifying to purchasers that the devices come from BTL and are manufactured according to BTL's high-quality standards. BTL's EM and EMSCULPT trademarks are inherently distinctive, and have acquired considerable brand loyalty through BTL's sales and promotion, and via direct word-of-mouth promotion by consumers. In addition, BTL has expended significant time, money, and resources in developing, marketing, advertising, promoting, and selling its products under its EM and EMSCULPT trademarks in the United States. The market reputation and consumer goodwill associated with BTL's EM and EMSCULPT trademarks are of incalculable and inestimable value to BTL.

## BTL'S COPYRIGHT

24.     BTL is the owner of a valid U.S. copyright registration for three brochures titled "EMSCULPT NEO – The One In Body Shaping (Brochure 1) and 2 Other Unpublished Works," registered on October 16, 2020, Registration Number TXu 2-227-301 (the "Copyrighted Work"). A copy of the Certificate of Registration is attached hereto as Exhibit 13 and sample images of the brochures are depicted below:



25.     The Copyrighted Work is valid and subsisting.

26.     BTL owns all rights, title, and interest to the Copyrighted Work, which constitute original and copyrightable subject matter under the Copyright Act.

27.     BTL has used the Copyrighted Work throughout the United States, and on information and belief, Pinky Promise has presently and previously had access to the Copyrighted Work.

## PINKY PROMISE'S UNLAWFUL CONDUCT

28.     Subsequent to BTL's adoption and widespread use of its EM and EMSCULPT trademarks and its Copyrighted Work, Pinky Promise has marketed and promoted body-contouring aesthetic procedures using BTL's EM and EMSCULPT trademarks, and confusingly similar versions thereof, in connection with services offered via a third-party device. Upon

information and belief, the third-party device has been modified to display the EMSCULPT trademark.

29.     Pinky Promise is promoting body-contouring aesthetic procedures using the EM and EMSCULPT trademarks, and confusingly similar variations thereof. Pinky Promise knowingly makes liberal use of BTL's federally registered and distinctive EM and EMSCULPT trademarks throughout its marketing materials. Pinky Promise also combines and hyphenates BTL's EM mark with other terms, and uses BTL's EM and EMSCULPT trademarks descriptively and generically.[1] *See also* Exhibit 14.

30.     Pinky Promise also advertises its services on the e-commerce marketplace, and via promotional sites such as Groupon, using BTL's federally registered and distinctive EM and EMSCULPT trademarks, and confusingly similar variations thereof. For example, Pinky Promise holds itself out as providing different numbers of "***Emsculpting*** Sessions" for highly discounted prices ("Up to 52% Off"), as shown below. *See also* Exhibit 15.

---

[1] *See e.g.* https://pinkypromisebeauty.net/em-sculpting ("***Em-sculpting*** uses high-intensity Focused electromagnetic energy to stimulate muscle contractions that lift, firm and sculpt the body with no exercise or sweat required"); and https://pinkypromisebeauty.net/all-treatments ("***Emsculpting*** is a treatment to build muscle and sculpt your body").



31.     Pinky Promise's use of BTL's distinctive marks on the Groupon page to advertise its services at highly reduced prices evidences Pinky Promise's knowing and willful tactics to deceive consumers into believing they are receiving genuine EMSCULPT body-contouring aesthetic procedures that are authorized by, affiliated with, or otherwise associated with BTL.

32.     Pinky Promise is also promoting body-contouring aesthetic procedures in its marketing materials using an image of a device that not only appears to be a copy of BTL's EMSCULPT device, but is also prominently branded with the EMSCULPT trademark, as shown below[2]:

---

[2] *See* https://www.facebook.com/Pinkypromisebeauty.net/



33.    On information and belief, the machine depicted in Pinky Promise's marketing materials is not an authentic EMSCULPT device, but rather a knock-off device illegally imported into the United States that has not been cleared by the FDA for use on humans.

34.    This evidence of direct copying demonstrates Pinky Promise's intent to trade off of BTL's reputation and goodwill by offering to unknowing consumers potentially unsafe treatments using, on information and belief, a knock-off, non-FDA cleared device. Consumers are likely to be deceived into believing these procedures are delivered by a legitimate EMSCULPT device, are administered by a BTL trained technician, or are somehow otherwise authorized by, affiliated with, or associated with BTL, especially when Pinky Promise's machine has been modified to prominently display the EMSCULPT trademark.

35.    Pinky Promise is also promoting body-contouring aesthetic procedures on its marketing materials using an image taken from BTL's federally registered Copyrighted Work, as shown below[3]:

---

[3] *See*
https://www.facebook.com/photo?fbid=10159251506537716&set=pcb.10159251524852716



| Image as displayed on Pinky Promise's Facebook Page: |
| --- |
| |
| Excerpt of BTL's Copyrighted Work: |
| |

36.    On information and belief, Pinky Promise had actual knowledge of BTL's use of and rights in its EM and EMSCULPT trademarks and BTL's Copyrighted Work when it created its marketing materials in order to reap the benefit and goodwill of BTL's brand – particularly as it copied this imagery exactly. Indeed, Pinky Promise's website and social media pages make liberal use of BTL's EM and EMSCULPT trademarks, which strongly indicates Pinky Promise's intent to copy, and necessary knowledge of, BTL's EM and EMSCULPT trademarks.

37.    Pinky Promise has continued its bad-faith and infringing conduct despite numerous letters and reminders sent by counsel for BTL.

14

38.     Specifically, on August 31, 2020, BTL sent a letter to Pinky Promise demanding that it immediately cease and desist from any and all uses of BTL's EM and EMSCULPT trademarks, including Pinky Promise's promotion of body-contouring aesthetic procedures under the EMSCULPT name; displaying images of a device that, upon information and belief, is a knock-off copy of BTL's EMSCULPT device prominently branded with the EMSCULPT mark; and liberal use of BTL's EM and EMSCULPT trademarks throughout Pinky Promise's marketing material.

39.     Pinky Promise responded to BTL's letter on the same day, indicating that its device is not an EMSCULPT device and does not display the EMSCULPT mark. As to the other acts of infringement, Pinky Promise stated that it was working to remove any use of the EM and EMSCULPT trademarks from its website and marketing materials.

40.     Despite Pinky Promise's assurances that it would cease use of BTL's branding, BTL noticed continued use of the EM and EMSCULPT trademarks throughout Pinky Promise's website. On October 5, 2020, BTL sent an email to Pinky Promise pointing to its continued infringement of BTL's trademarks and again demanded that Pinky Promise cease any and all use of the EM and EMSCULPT trademarks. Pinky Promise did not respond to BTL's October 5, 2020 communication.

41.     On February 16, 2021, BTL sent further correspondence to Pinky Promise again asserting that it must remove any and all use of the EM and EMSCULPT trademarks from its website and marketing materials.

42.     Pinky Promise responded to BTL on February 17, 2021 assuring that it would remove BTL's trademarks from its website. However, the EM and EMSCULPT trademarks, and

confusingly similar variations thereof, remain in use throughout Pinky Promise's website to this day.

43.     Despite BTL's numerous letters and reminders, Pinky Promise posted an image on its Facebook page taken directly from BTL's Copyrighted Work on March 26, 2021, over a month after its last communication and assurance to BTL.

44.     BTL has not licensed or authorized Pinky Promise to use any of the infringing EM and EMSCULPT trademarks, or the Copyrighted Work.

## BTL HAS BEEN HARMED BY PINKY PROMISE'S CONDUCT

45.     Pinky Promise's use of trademarks confusingly similar to BTL's and BTL's copyrighted images has injured and, if permitted to continue, will continue to irreparably harm BTL's business and the goodwill associated with its brand, as well as BTL's reputation for providing high quality and safe body-contouring aesthetic devices and procedures subject to strict quality control standards that have been cleared by the FDA.

46.     Pinky Promise's actions are likely to cause confusion, mistake, or deception as to the source or origin of the services offered by Pinky Promise; are likely to falsely suggest a sponsorship, connection, license, or association between the infringing services and BTL; and will divert profits from BTL.

47.     Pinky Promise has also copied BTL's original Copyrighted Work, and is offering its services in conjunction with copies of BTL's Copyrighted Work, without BTL's consent in violation of BTL's Copyrighted Work.

48.     In addition to these harms, BTL has also suffered reputational injury and the loss of goodwill established in BTL's EMSCULPT device and its distinctive EM and EMSCULPT trademarks. Namely, Pinky Promise's false and misleading practices and misrepresentations, have exposed the public at large to potentially suffer from serious health and safety

consequences as a result of receiving treatments from an inferior, and illegally imported knock-off machine that has been modified to bear the EMSCULPT trademark.

49.     BTL is entitled to damages and injunctive relief for Pinky Promise's willful, intentional, and purposeful infringement. Unless immediately enjoined, Pinky Promise's conduct will continue to cause significant and irreparable harm to BTL.

## COUNT I: TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

50.     BTL realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

51.     BTL is the exclusive owner of the EM and EMSCULPT trademarks. BTL's United States trademark registrations for the EM and EMSCULPT trademarks are in full force and effect. Upon information and belief, Pinky Promise has knowledge of BTL's rights in its EM and EMSCULPT trademarks, and is willfully infringing BTL's trademarks. Pinky Promises' willful, intentional, and unauthorized use of BTL's trademarks is likely to cause confusion, mistake, and deception as to the origin and quality of Pinky Promises services among the general public.

52.     Pinky Promise's actions constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53.     The injuries and damages sustained by BTL have been directly and proximately caused by Pinky Promise's wrongful promotion, marketing, offering for sale, and sale of services that infringe BTL's brand.

54.     BTL is entitled to an injunction restraining Pinky Promise, its officers, agents, and employees, and all persons acting in concert with Pinky Promise, from engaging in any further such acts in violation of the trademark laws.

55.     BTL has no adequate remedy at law, and if Pinky Promise's actions are not enjoined, BTL will continue to suffer irreparable harm to its reputation and the goodwill of the EM and EMSCULPT trademarks.

### COUNT II: COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

56.     BTL realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

57.     By its actions alleged above, Pinky Promise has infringed and will continue to infringe BTL's Copyrighted Work in its marketing materials in violation of 17 U.S.C. § 501 *et seq*.

58.     BTL is entitled to an injunction restraining Pinky Promise, its officers, agents, and employees, and all persons acting in concert with Pinky Promise, from engaging in any further such acts in violation of the copyright laws.

59.     BTL has no adequate remedy at law, and if Pinky Promise's actions are not enjoined, BTL will continue to suffer irreparable harm as a result of the infringement of its copyrights.

### COUNT III: FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN, AND FALSE ADVERTISING UNDER 15 U.S.C. § 1125

60.     BTL realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

61.     Pinky Promise's promotion, marketing, offering for sale, and sale of services under the EM and EMSCULPT trademarks (and variations thereof) and the Copyrighted Work constitute false advertising and has created, and is creating, a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association between Pinky Promise and BTL, and their respective products and services.

62.     By using BTL's EM and EMSCULPT trademarks and the Copyrighted Work within its marketing materials, and the EMSCULPT trademark on images of copycat, knock-off devices, Pinky Promise engages in false advertising, creates the false impression that its services are rendered via a BTL EMSCULPT device, and otherwise misleads consumers as to the origin of its aesthetic device.

63.     Pinky Promise's actions constitute a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

64.     Pinky Promise's false advertising practices constitute misleading descriptions and misrepresentations of fact in commerce that, in commercial advertising and promotion, misrepresent the nature, characteristics, and quality of Pinky Promise's services in violation of the Lanham Act, 15 U.S.C. § 1125.

65.     BTL has no adequate remedy at law, and if Pinky Promise's actions are not enjoined, BTL will continue to suffer irreparable harm to its reputation and the goodwill of the BTL brand.

## COUNT IV: VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT UNDER 815 ILL. COMP. STAT. § 510

66.     BTL realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

67.     The acts of Pinky Promise complained of herein constitute deceptive trade practices in violation of 815 ILCS § 510/1 *et seq.* insofar as Pinky Promise has:

a.  passe[d] off goods or services as those of another;

b.  cause[d] likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

c.  cause[d] likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

d.  represent[ed] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have; and

e.  represent[ed] that goods or services are of a particular standard, quality, or grade.

68.  Pinky Promise's unauthorized, intentional, and willful use of BTL's EM and EMSCULPT trademarks and Copyrighted Work to promote, market, offer for sale, and sell Pinky Promise's services constitutes unfair competition within the meaning of the Illinois Deceptive Trade Practices Act, 815 ILCS § 510 *et seq.*

69.  Pinky Promise's unauthorized, intentional, and willful representations are false and misleading and were done to deceive the consuming public in Illinois and to capitalize on the goodwill developed by BTL.

70.  Pinky Promise's use of BTL's EM and EMSCULPT trademarks and Copyrighted Work in connection with the marketing and sale of Pinky Promise's services constitutes unfair competition that is likely to cause confusion, mistake, and deception among consumers as to the affiliation, connection, or association with BTL or the origin, sponsorship, or approval of Pinky Promise's infringing services by BTL. Pinky Promise's deceptive actions are likely to influence the consuming public's purchasing decisions. Pinky Promise's unfair competition jeopardizes the goodwill created by BTL in its EM and EMSCULPT trademarks and Copyrighted Work and is causing irreparable harm to BTL for which there is no adequate remedy at law.

71.     Despite its actual and constructive knowledge of BTL's ownership and prior use of the EM and EMSCULPT trademarks and the Copyrighted Work, Pinky Promise has continued to use BTL's EM and EMSCULPT trademarks and Copyrighted Work in association with promotion, advertising, marketing, and/or sale of Pinky Promise's services without BTL's authorization or consent. Pinky Promise's actions are deliberate and willful and have been done with the intention of trading upon the valuable goodwill created by BTL in its EM and EMSCULPT trademarks and Copyrighted Work.

72.     BTL has sustained irreparable injury, damage, and loss in Illinois based on Pinky Promise's actions. Pinky Promise's actions directly or indirectly affected Illinois.

73.     Pinky Promise is liable for a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

74.     Pursuant to the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510 *et seq.*, BTL is entitled to permanent injunctive relief ordering Pinky Promise's to cease this unfair competition, and to recover reasonable attorney's fees and costs pursuant to 815 ILCS § 510/3.

## COUNT V: VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT UNDER 815 ILL. COMP. STAT. § 505

75.     BTL realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

76.     The acts of Pinky Promise complained of herein in Counts I - IV constitute fraud and deceptive business practices in violation of 815 ILCS § 505/1, *et seq*. For example, Pinky Promise's aforementioned conduct of unfair competition in violation of Section 2 of the Uniform Deceptive Trade Practices Act (815 ILCS § 510, *et seq*) is likely to misrepresent the nature of Pinky Promise's products and is likely to cause confusion, or to cause mistake, or to deceive as

to the origin, sponsorship, or approval of Pinky Promise's products and therefore constitutes a violation of the Illinois Consumer Fraud and Deceptive Trade Practice Act, 815 Ill. Comp. Stat. § 505/1, *et seq*. *See also* paragraphs 28-44 above.

77.     Pinky Promise's actions are deliberate and willful.

78.     BTL has sustained irreparable injury, damage, and loss in Illinois based on Pinky Promise's actions. Pinky Promise's actions directly or indirectly affected Illinois.

79.     BTL is entitled to recover reasonable attorney's fees and costs pursuant to 815 ILCS § 505/10a.

## COUNT VI: COMMON LAW UNFAIR COMPETITION

80.     BTL realleges and incorporates by reference the foregoing allegations as if fully set forth herein.

81.     This claim arises under the common law of the State of Illinois.

82.     Pinky Promise has engaged in unfair competition through its reliance and exploitation of consumer mistake and confusion, and its deliberate efforts to exploit the goodwill represented by BTL's EM and EMSCULPT trademarks and by its use of BTL's Copyrighted Work in connection with the marketing and sale of Pinky Promise's services.

83.     Pinky Promise's aforementioned acts constitute unfair competition in violation of Illinois common law.

84.     As a proximate result of Pinky Promise's actions, BTL has suffered and will continue to suffer damages.

85.     BTL has no adequate remedy at law and will continue to suffer irreparable harm unless Pinky Promise is enjoined.

22

86.     By reason of Pinky Promise's unlawful conduct as alleged above, BTL has been substantially injured and is entitled to damages and Pinky Promise's profits attributable to its infringement, which are presently indeterminate, and the costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, BTL respectfully requests that this Court enter judgment against Pinky Promise as follows:

A.      That Pinky Promise has violated the Lanham Act, 15 U.S.C. § 1114, by committing acts of trademark infringement;

B.      That Pinky Promise has violated the U.S. Copyright Act, 17 U.S.C. § 501, by committing acts of copyright infringement;

C.      That Pinky Promise has violated the Lanham Act, 15 U.S.C. § 1125(a), by committing acts of federal unfair competition, false designation of origin, and false advertising;

D.      That Pinky Promise has violated the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510;

E.      That Pinky Promise has violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505;

F.      An award of damages against Pinky Promise as a result of its wrongful acts against BTL in an amount to be proved at trial;

G.      An award of any and all of Pinky Promise's profits arising from the foregoing acts;

H.      An award of treble damages;

I.      A finding that Pinky Promise has willfully engaged in a deceptive trade practice;

J.      Permanent injunctive relief enjoining Pinky Promise from:

i.      using BTL's EM and EMSCULPT trademarks, copyrights, or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the promotion, marketing, advertising, offering for sale, or sale of any product or service that is not a genuine BTL product or service, or is not authorized by BTL to be offered in connection with BTL's trademarks or copyrights;

ii.     passing off, inducing, or enabling others to sell or pass off any product or service as a genuine BTL product or service, or any other product or service offered by BTL, that is not BTL's or not offered under the authorization, control, or supervision of BTL and approved by BTL for sale under BTL's trademarks or copyrights;

iii.    committing any acts calculated to cause consumers to believe that Pinky Promise's goods and services are those sold under the authorization, control or supervision of BTL, or are sponsored by, approved by, or otherwise connected with BTL;

iv.    further infringing BTL's trademarks or copyrights, and damaging BTL's goodwill; and

v.     manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for BTL, nor authorized by BTL to be sold or offered for sale, and which bear BTL's EM and EMSCULPT trademarks, copyrights, or any reproductions, copies, or colorable imitations thereof.

K. A finding that BTL is entitled to its costs, reasonable attorneys' fees, and pre- and post-judgment interest; and

L. Any other and further relief the Court deems necessary, just, or proper.

## JURY DEMAND

BTL hereby demands a trial by jury on all issues so triable.

/s/ Julianne M. Hartzell
Julianne M. Hartzell
Thomas R. Burns
Chelsea M. Murray
MARSHALL, GERSTEIN & BORUN LLP
233 South Wacker Drive
6300 Willis Tower
Chicago, IL 60606-6357
(312) 474-6300
jhartzell@marshallip.com
tburns@marshallip.com
cmurray@marshallip.com

OF COUNSEL:
J.C. Rozendaal
Monica Riva Talley
Chandrika Vira
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., NW, Suite 600
Washington, DC 20005
(202) 371-2600
jcrozendaal@sternekessler.com
mtalley@sternekessler.com
cvira@sternelesser.com

*Attorneys for Plaintiff*

Dated: July 9, 2021